**PPG INDUSTRIES, INC., Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, Intervenor.**

**No. 11–1119.**

United States Court of Appeals,
District of Columbia Circuit.

March 30, 2012.

Marlen Cortez Morris, Joseph James Torres, Winston & Strawn LLP, Chicago, IL, for Petitioner.

Linda Dreeben, Deputy Associate General Counsel, Ruth E. Burdick, Michelle Marie Devitt, Trial, Robert J. Englehart, Supervisory, Barbara Ann Sheehy, National Labor Relations Board, Washington, DC, for Respondent.

Daniel M. Kovalik, Esquire, Katharine Jensvold Shaw, Assistant General Counsel, United Steelworkers of America, Pittsburgh, PA, for Intervenor.

**2**

Before: BROWN and KAVANAUGH, Circuit Judges, and GINSBURG, Senior Circuit Judge.

### JUDGMENT

This petition for review was considered on the record, briefs, and oral arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(d). For the reasons that follow, it is

**ORDERED** and **ADJUDGED** that the petition for review be denied.

PPG filed an unfair labor practice charge against the Union, arguing that the Union had violated its duty to bargain in good faith. An ALJ found that the Union had not violated its duty to bargain in good faith, and the Board affirmed. PPG petitioned for review. This Court "must uphold the judgment of the Board unless, upon reviewing the record as a whole," this Court concludes "that the Board's findings are not supported by substantial evidence, or that the Board acted arbitrarily or otherwise erred in applying established law to the facts of the case." *Wayneview Care Center v. NLRB*, 664 F.3d 341, 348 (D.C.Cir.2011) (citation omitted); *see also* 29 U.S.C. § 160(f). This Court is to give "great deference" to judgments of the Board regarding alleged violations of the duty to bargain in good faith; the determination whether a party violated its duty to

bargain in good faith is "particularly within the expertise of the Board." *Crowley Marine Services, Inc. v. NLRB*, 234 F.3d 1295, 1297 (D.C.Cir.2000) (per curiam) (citation omitted). "Whether a party has bargained in good faith is assessed by looking to the totality of the circumstances"—"good faith or the lack of it depends upon a factual determination based on overall conduct." *E.I. du Pont de Nemours & Co. v. NLRB*, 489 F.3d 1310, 1318 (D.C.Cir.2007) (citation omitted); *see also* 29 U.S.C. § 158(b)(3), (d). In this case, the Board's findings and conclusions are supported by substantial evidence and are otherwise reasonable. The Union met with PPG on numerous occasions, submitted proposals, and made concessions—all indicative of good faith bargaining. No evidence compels the conclusion that the Union bargained in bad faith, and the Board did not otherwise act unreasonably in reaching its decision. Therefore, the petition for review is denied.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.